UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

R.W.D. INNOVATIVE SPECIALTY
TRIMS LLC, a Florida limited liability
company,

      Plaintiff,

v.                                                  4:12cv599-WS/CAS

CRAIG A. OEHME; POLYTECHNICS
CORPORATION, a California
Corporation,

      Defendant.

_____

## ORDER ADOPTING, IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this case, R.W.D. Innovative Specialty Trims LLC ("RWD"), a Florida limited

liability company, sues Craig A. Oehme and Polytechnics Corporation (collectively

"Defendants") for patent infringement. The matter was referred to Magistrate Judge

Charles A. Stampelos for consideration of Defendants' motion to dismiss for lack of

personal jurisdiction and improper venue or, alternatively, for transfer of venue. Docs.

10, 13. Polytechnics is a suspended California corporation, and Oehme is a citizen and

resident in California.

Before the court at this time is the magistrate judge's report and recommendation

docketed July 18, 2013. Doc. 34. Based on the documentary evidence submitted by

the parties and after hearing live witness testimony, the magistrate judge recommends

that, to the extent Defendants seek dismissal for lack of personal jurisdiction, the motion to dismiss (doc. 10) be denied.  The parties have not filed objections to this aspect of the magistrate judge's report and recommendation.  After careful review of the matter, this court finds, in accord with the magistrate judge's report and recommendation, that personal jurisdiction over Defendants lies in this court.

The magistrate judge also recommends that venue be transferred to the Central District of California for all further proceedings.  RWD has filed objections (doc. 35) to this aspect of the magistrate judge's report and recommendation, and Defendants have filed a response (doc. 36) to those objections.  This court adopts the magistrate judge's transfer recommendation, albeit for different reasons.

Venue in patent infringement cases is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  For non-corporate defendants, section 1400(b) is the only provision controlling venue in a patent infringement case.  Vivant Pharmaceuticals, LLC v. Clinical Fornula, LLC, No. 10-21537–Civ., 2011 WL 1303218, at *5 (S.D. Fla. Mar. 31, 2011); Homebingo Network, Inc. v. Chayevsky, 428 F. Supp. 2d 1232, 1248 (S.D. Ala. 2006).  Thus, for an individual defendant, including a sole proprietor,[1] venue is proper where (1) the defendant resides,

---

[1]  See Roblor Mktg. Group, Inc. v. GPS Indus., Inc., 645 F. Supp. 2d 1130, 1145 (S.D. Fla. 2009) (noting that "[s]ole proprietorships are regarded as individuals for venue purposes); Blue Compass Corp. v. Polish Masters of America, 777 F. Supp. 4, 5 (D. Vt. 1991) (noting that a sole proprietorship is not treated as a corporation for venue purposes).

or (2) where the defendant has committed acts of infringement *and* has a regular and established place of business.

In this case, RWD names two defendants, Craig A. Oehme and Polytechnics Corporation, alleging that, beginning on a date after June 26, 2004, and continuing to the present time, the defendants infringed on two patents issued to RWD on May 17, 2011, and May 22, 2007, respectively.  Incorporated on November 9, 2004, Polytechnics' powers, rights, and privileges were suspended on March 3, 2008, and have remained suspended since that time.  Oehme was the president and owner of Polytechnics Corporation.  Since 2008, Oehme has operated as a sole proprietor under the business name E.E. Pauley Plastic Extrusion.

At least in part, RWD has sued Oehme in his capacity as an individual and sole proprietor.  In that capacity, Oehme may be sued in a patent infringement case only where he resides, or where he has allegedly committed acts of infringement *and* has a regular and established place of business.  It is undisputed that Oehme resides in California.  It is also undisputed that Oehme does *not* have a "regular and established place of business" in Florida.  Accordingly, proper venue does not lie in the Northern District of Florida.

Because venue does not lie in the Northern District of Florida, this court must either dismiss the action or transfer it to a proper venue pursuant to 28 U.S.C. § 1406(a), which provides as follows: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Transfer is generally preferred over dismissal.

Oehme seeks transfer to the Central District of California, Riverside Division, which is the district where he resides.  Because it will better serve judicial economy if RWD is not forced to re-file this case, the court finds that transfer is appropriate under section 1406(a).  Accordingly, it is ORDERED:

1.  The court ADOPTS and incorporates into this order that portion of the magistrate judge's report and recommendation that addresses the matter of personal jurisdiction and recommends denial of Defendants' motion to dismiss for lack of personal jurisdiction.

2.  Defendants' motion (doc. 10) to dismiss for lack of personal jurisdiction is DENIED.

3.  Defendants' motion (doc. 10) to transfer venue is GRANTED for the reasons explained above.

4.  The clerk shall TRANSFER this case to the Central District of California, Riverside Division, for all further proceedings.

DONE AND ORDERED this ____30th____ day of ____September____, 2013.


s/ William Stafford_____
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE